19-220-cr
United States v. Anthony Campbell

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 14th day of January, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             PETER H. HALL,
             RAYMOND J. LOHIER, JR.,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                  *Appellee*,

             v.                                          19-220-cr

ANTHONY CAMPBELL,

                  *Defendant-Appellant*.

_____

Appearing for Appellant:      Colleen P. Cassidy, Assistant Federal Public Defender, Federal Defenders of New York, Inc., Appeals Bureau, New York, N.Y.


Appearing for Appellee:       Temidayo Aganga-Williams, Assistant United States Attorney (Amy Busa, Assistant United States Attorney, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Glasser, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the matter be and it hereby is **AFFIRMED**.

Defendant-Appellant Anthony Campbell appeals from the January 4, 2019 judgment in the United States District Court for the Eastern District of New York (Glasser, *J.*) sentencing him principally to 36 months' imprisonment. Campbell was sentenced after pleading guilty to one count of illegally reentering the United States in violation of 8 U.S.C. § 1326. He appeals on the basis that the district court improperly denied his motion to dismiss the indictment pursuant to 8 U.S.C. § 1326(d). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Pursuant to 8 U.S.C. § 1326(d), Campbell's appeal seeks to collaterally attack the removal order that served as the predicate for the illegal reentry charge in the indictment. That provision prohibits collateral attacks on removal orders unless

> an alien [can] demonstrate that: "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair."

*United States v. Lopez*, 445 F.3d 90, 94 (2d Cir. 2006) (quoting 8 U.S.C. § 1326(d)).

Despite Campbell's contentions otherwise, his removal order was not fundamentally unfair. He argues that a clerical coding error in a visa document from 1984 led his adoptive mother to not file the requisite paperwork for him to have acquired citizenship, and this should have formed the basis of a viable equitable estoppel claim at his removal hearing.

We simply disagree that under the relevant law Campbell had a viable estoppel claim to assert. It is well settled that Campbell could not have relied on a theory of equitable estoppel of his deportation in the absence of him establishing "affirmative misconduct" by the government. *See Drozd v. INS*, 155 F.3d 81, 90 (2d Cir. 1998); *Azizi v. Thornburgh*, 908 F.2d 1130, 1136 (2d Cir. 1990); *see also INS v. Miranda*, 459 U.S. 14, 17 (1982) (per curiam). We agree with the district court that, because there is no evidence that error arose from affirmative misconduct by the government, Campbell's argument that his adoptive mother was induced not to file for a certificate of citizenship based on the coding error, which is the entirety of his estoppel claim, had no chance of success. *See Azizi*, 908 F.2d at 1136 (holding, as a matter of law, that showing negligent conduct does not satisfy the "affirmative misconduct" requirement).

We have considered the remainder of Campbell's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk